UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

St. Jude Medical S.C., Inc., a
Minnesota corporation,

    Plaintiff and
    Counterclaim Defendant,

v.  **ORDER**
Civil No. 11-327 (MJD/TNL)

Thomas M. Tormey, Jr.,

    Defendant and
    Counterclaim Plaintiff,
and

Tormedco, Inc.,

    Counterclaim Plaintiff.
_____

This matter is before the Court on Plaintiff's motion for attorney's fees and costs. [Doc. No. 243]

## I.     Background

Plaintiff St. Jude Medical S.C., Inc. ("St. Jude") brought this action against Defendant Thomas M. Tormey, Jr. ("Tormey") to seek repayment on a business loan.  Thereafter, Tormey and Tormedco, Inc. asserted a number of counterclaims against St. Jude.  The matter went to trial, and the jury was unable to reach a

unanimous verdict. Thereafter, St. Jude moved for judgment as a matter of law as to its contract claim and all counterclaims. The motion was granted, and judgment was entered in favor of St. Jude in the amount of $650,000 plus statutory interest in the amount of $192,543.70, with interest accruing in the amount of $106.85 per day. [Doc. Nos. 240 and 241]

St. Jude brings this motion for costs and attorneys' fees pursuant to Fed. R. Civ. P. 54(d)(1) and (2). St. Jude further asserts that under Minnesota law, attorneys' fees are recoverable where there is a specific contract permitting such recovery. Dunn v. Natl'l Bev. Corp., 745 N.W.2d 549, 554 (Minn. 2008). In this case, there are two contracts between the parties that provide in the event of default, both reasonable attorneys' fees and costs incurred in enforcing rights arising thereunder are recoverable. (Pl. Tr. Ex. 1 (Loan Agreement at ¶ 3); Pl. Tr. Ex. 3 (Representative Agreement at ¶ 21.5).)

As the prevailing party, St. Jude asserts it is entitled to its reasonable attorneys' fees in the amount of $520,511 and to its nontaxable costs in the amount of $95,235.77, for a total award of $615,746.77.

Tormey requests the Court deny St. Jude's motion, or in the alternative, substantially reduce the requested award of fees and costs.

**II.      Analysis**

   **A.      Prevailing Party**

Tormey argues that he never disputed the valid creation of the loan and promissory note. Instead, this lawsuit was about whether the counterclaims asserted under the Representative Agreement would prevail so as to bar collection on the note or offset the loan amount by a damage award. Tormey argues that St. Jude cannot establish that it is the prevailing party under the Representative Agreement as this Court ultimately dismissed his counterclaims as time-barred, without ruling on the merits of such claims. The Court disagrees.

In determining whether a party is a prevailing party, the Court looks to the general result of the action, and who, "in the view of the law, succeeded in the action. The prevailing party in any action is one in whose favor the decision or verdict is rendered and judgment entered." Riser v. Minneapolis Pub. Hous. Auth., No. A04-11, 2004 WL 2050550 at *2 (Minn. Ct. App. 2004) (quoting Borchert v. Maloney, 581 N.W.2d 838, 840 (Minn. 1998)). Here, St. Jude is the prevailing party as judgment has been entered in St. Jude's favor. Accordingly, St. Jude is entitled to reasonable attorneys' fees and costs pursuant to the terms of the Loan Agreement.

B.      **Reasonable Attorneys' Fees**

A proper method for determining a reasonable attorneys' fee award is referred to as the lodestar method.  <u>Fish v. St. Cloud State Univ.</u>, 295 F.3d 849, 851 (8th Cir. 2012).  This method requires the Court to multiply the reasonable amount of hours spent on the case by a reasonable hourly amount.  <u>Id.</u>  The resulting figure may be adjusted at the discretion of the Court after considering factors relevant to the case, including:

> the experience and ability of the attorney, the time and labor required to perform the legal service properly, the amount involved in the case and the results obtained, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar legal services, whether the fee is fixed or contingent, the time limitations imposed upon the client or by the circumstances, and the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

<u>All-Ways Logistics, Inc. v. USA Truck, Inc.</u>, 583 F.3d 511, 520-21 (8th Cir. 2009).

To determine a reasonable hourly rate, the Court should consider the prevailing rate for similar services in the community where the litigation took place when performed by lawyers with similar skills, experience and reputation. <u>McDonald v. Armontrout</u>, 860 F.2d 1456, 1458-59 (8th Cir. 1988).  In this case, lead counsel has billed his services at $375 per hour from January 2011 to July 2013,

and from July 2013 to present, his rate increased to $395 per hour. Co-counsel working with lead counsel billed at rates between $250 per hour to $150 per hour.

Tormey does not challenge the hourly rates billed, in light of the prevailing rates for comparably qualified counsel in Minnesota. The Court thus finds the hourly rates billed are reasonable.

Tormey does challenge the number of hours billed, asserting St. Jude has not demonstrated that the number of hours billed or that the fees and costs were incurred in connection with those activities actually tied to St. Jude's eventual success.[1] Tormey argues that St. Jude's award for fees and costs must take into consideration its lack of success in motion practice.

The Loan Agreement specifically provides that "[Tormey] agrees to pay **all** costs and expenses of [St. Jude] including reasonable attorneys' fees, in the collection of any of the Notes or the enforcement of any of [St. Jude's] rights." (Pl. Tr. Ex. 1 at ¶ 3) (emphasis added). St. Jude is thus entitled to recover all reasonable attorneys' fees and costs expended to collect on the promissory note,

---

[1]Tormey originally argued that St. Jude had not submitted sufficient documentation to support its request. The Court agreed, and ordered St. Jude to submit detailed billing statements and supporting documentation as to costs. St. Jude has complied, and the Court has reviewed these supplemental submissions and finds that St. Jude has submitted sufficient documentation for the Court to make a reasoned decision as to the claim for attorneys' fees and costs.

including such fees and costs expended to defend the counterclaims asserted by Tormey and Tormedco.  See <u>Potter v. Am. Bean & Grain Corp.</u>, 388 N.W.2d 22, 25 (Minn. Ct. App. 1986) (finding that a prevailing party in action to enforce a promissory note is entitled to fees and costs for defending counterclaims, which if successful, would have reduced amount party received on the note).  Accordingly, the Court will not reduce the fee award based on a lack of success in motion practice concerning counterclaims asserted by Tormey and Tormedco.

As to the number of hours billed, the Court notes that this began as a simple case; the only claim asserted by St. Jude was for repayment of the $650,000 loan.  The case became more complex when Tormey/Tormedco filed a number of counterclaims, seeking between $10 million and $20 million in damages from St. Jude.  Under these circumstances, and based on its review of the detailed billing statements submitted by St. Jude, the Court finds that the hours billed, 1,983.20, is reasonable for this case.

  **C.**  **Reasonable Costs**

St. Jude also seeks to recover $95,235.77 in nontaxable costs, most of which are attributable to fees charged by expert witnesses that St. Jude retained as consultants and trial witnesses.  The Court has reviewed the submissions

supporting the request for costs, and finds such costs are reasonable.

**IT IS HEREBY ORDERED** that Plaintiff St. Jude Medical S.C., Inc.'s Motion for Attorneys' Fees and Costs [Doc. No. 243] is GRANTED.  Plaintiff St. Jude Medical S.C., Inc. is hereby awarded reasonable attorneys' fees in the amount of $520,511, and reasonable costs in the amount of $95,235.77, for a total award of $615,746.77.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date:  May 29, 2014         s/ Michael J. Davis
                            Chief Judge Michael J. Davis
                            United States District Court